# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENARO E. CRUZ, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-71 |
| v. | : | (JUDGE MANNION) |
| ANDREW M. SAUL[1], Commissioner of Social Security, | : | |
| Defendant | : | |
| | : | |

# MEMORANDUM

The record in this action has been reviewed pursuant to 42 U.S.C. §§405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. Based upon the court's review of the record, the plaintiff's appeal will be **DENIED**.

## I.   PROCEDURAL HISTORY

The plaintiff protectively filed applications for DIB and SSI on November 14, 2013. In his applications, the plaintiff claimed disability starting on June 4, 2011. Both applications were initially denied on April 9, 2014, after which

---

[1]Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See Fed.R.Civ.P. 25(d).

the plaintiff requested a hearing before an administrative law judge ("ALJ").

A hearing was held before an ALJ on October 6, 2015, at which the plaintiff was represented by counsel and the ALJ took testimony from the plaintiff and a vocational expert ("VE"). After the hearing, the record remained open for additional evidence, which was later submitted and added to the record. On December 15, 2015, the ALJ issued a decision and concluded that the plaintiff could perform a limited range of unskilled sedentary work activity and was not disabled within the meaning of the Act. The Appeals Council denied the plaintiff's request for review on December 1, 2016, making the ALJ's decision final. See 42 U.S.C. §405(g). On January 11, 2017, the plaintiff filed the instant appeal. (Doc. 1).

At issue in this appeal is whether substantial evidence supports the Commissioner's decision that the plaintiff was not disabled because he was capable of performing a limited range of sedentary work activity. The plaintiff filed a brief in support of his appeal on August 28, 2017. (Doc. 10). The defendant filed a brief in opposition on September 27, 2017, (Doc. 11), and the plaintiff filed a reply brief on October 4, 2017, (Doc. 12).

## II. STANDARD OF REVIEW

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of

Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## III.   DISABILITY EVALUATION PROCESS

A five-step evaluation process is used to determine if a person is eligible for disability benefits. See 20 C.F.R. §404.1520. See also Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). If the Commissioner finds that a plaintiff is disabled or not disabled at any point in the sequence, review does not proceed any further. See 20 C.F.R. §404.1520. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. See 20 C.F.R. §404.1520.

Here, the ALJ proceeded through each step of the sequential evaluation process and concluded that the plaintiff was not disabled within the meaning of the Act from June 4, 2011, the plaintiff's alleged onset date, through the date of the ALJ's decision. At step one, the ALJ found that the plaintiff had not engaged in substantial gainful work activity at any time during the relevant period. At step two, the ALJ concluded that the plaintiff's impairments of chronic back pain, major depression and attention deficit hyperactive disorder ("ADHD") were severe within the meaning of the Regulations, but found that the plaintiff's asthma and type 2 diabetes were not severe impairments. The ALJ also found that, while the record strongly suggested that the plaintiff had

4

a pattern of narcotic-seeking behavior and a history of polysubstance abuse, there was no medically determinable impairment related to substance use/dependence during the relevant time. At step three, the ALJ concluded that the plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §404.1520(d), §404.1525, §404.1526, §416.920(d), §416.925 and §416.926). Before proceeding to step four, the ALJ determined the plaintiff's residual functional capacity ("RFC"). In doing so, the ALJ found that the plaintiff could lift no more than ten pounds on a regular basis, and required alternating between sitting and standing every 45-60 minutes. The plaintiff retained the mental capacity for routine, repetitive tasks not requiring precise attention to detail or independent decision-making. The plaintiff was limited to jobs requiring no significant interaction with the public in a sense that the plaintiff would not be required to perform sales-type, persuasion jobs, or have significant interaction with coworkers, no teamwork or working in tandem and that coworkers would be working independent of each other. The plaintiff was limited to jobs that allowed for remote supervision where the supervisor showed or told the plaintiff how to do the job and then left him alone to do the job and only would get involved if there were a problem or complaints. At step four, the ALJ found that the plaintiff was unable to perform his past relevant work. Finally, at step five, the ALJ determined that there were other jobs that existed in significant

numbers in the national economy that the plaintiff could perform based on his age, education, work experience and RFC. The ALJ therefore concluded that the plaintiff had not been under a disability, as defined in the Act, at any time from the alleged onset date through the date of the decision. 20 C.F.R. §§404.1520(g) and 416.920(g).

## IV.   DISCUSSION[2]

On appeal, the plaintiff argues that the ALJ's RFC assessment was not supported by substantial evidence because he improperly based the assessment on his own lay opinion. To this extent, the plaintiff argues that the ALJ rejected the opinion evidence regarding his physical impairment by giving "limited weight" to the opinions of Dr. DeArmitt, a treating physician, as well as the state agency medical consultant, and by giving "little weight" to Dr. Yang, a consultative examiner. The plaintiff argues that the ALJ failed to fill the evidentiary void caused by his rejection of these physicians' opinions and, instead, used his own lay opinion to develop the plaintiff's RFC.

A plaintiff's RFC is the most he can do despite his limitations. See 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In determining an individual's RFC, the ALJ considers all medical and non-medical evidence of record. See 20

---

[2]Since the ALJ and the parties have set forth the medical history of the plaintiff in their respective filings, it will not be fully repeated herein. Rather, the plaintiff's medical history will be discussed only to the extent it is relevant to the issues raised in this appeal.

6

C.F.R. §§404.1545(a)(3), 416.945(a)(3). However, nothing in either the Social Security Act or the regulations requires the ALJ to have a corresponding medical opinion in order to determine a claimant's RFC. "[T]he ALJ is responsible for making an RFC determination . . . and [he] is not required to seek a separate expert medical opinion." Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003). It is not treating or examining physicians or state agency consultants that must make the ultimate disability and RFC determinations, and "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). Moreover, when a medical opinion is inconsistent with the record as a whole, the ALJ may afford less weight to the opinion in fashioning a claimant's RFC. See 20 C.F.R. §§404.1527(c)(4), 416.927(c)(4).

Here, the court finds that the ALJ properly considered the medical opinion evidence of record in determining the plaintiff's RFC and that there was no evidentiary void caused by the weight afforded to the medical opinions. To this extent, the ALJ found that the opinion of Dr. DeArmitt, the plaintiff's treating physician, to the Pennsylvania Department of Welfare providing that the plaintiff was permanently disabled was inconsistent with his own medical findings. Despite Dr. DeArmitt's opinion of permanent disability, the plaintiff had no significant objective symptoms and was treated conservatively with heat, massage and pain medication. Moreover, although

he opined that the plaintiff was permanently disabled, Dr. DeArmitt provided no functional limitations for the plaintiff in support of that opinion. Lastly, although Dr. DeArmitt prescribed the plaintiff using a cane, the ALJ found that it was not medically necessary in light of the limited objective findings upon examination. Because Dr. DeArmitt's opinion of permanent disability was unsupported by the evidence of record, including his own findings, the ALJ was justified in affording his opinion limited weight.

The ALJ afforded little weight to the state agency physician's opinion that the plaintiff remained capable of performing a range of light work activity because the ALJ believed that the evidence of record established that the plaintiff was more limited than that. Based upon the evidence of record, the ALJ restricted the plaintiff to a limited range of sedentary work activity with, among other things, a sit/stand option.

Finally, with respect to Dr. Yang, the ALJ also afforded his opinion little weight. In doing so, the ALJ noted that Dr. Yang's functional assessment which limited the plaintiff to a total of 4 hours of standing, walking and sitting, which would preclude any full-time employment, was inconsistent with his examination notes which reflected that the plaintiff did not exhibit any sensory deficits or muscle atrophy and had 5/5 muscle strength in his upper and lower extremities. Moreover, Dr. Yang noted that the plaintiff's lumbosacral spine x-rays were negative with well-maintained vertebral bodies and disc spaces. Further, the ALJ noted that Dr. Yang's opinion that the plaintiff had limitations

in reaching, handling, fingering, feeling and pushing/pulling was inconsistent with his findings that the plaintiff had intact hand and finger dexterity with 5/5 grip strength and the ability to sort papers and files.

In considering the above, the court finds that substantial evidence supports the weight given to each of the above medical opinions. Moreover, a review of the record reflects that, although the ALJ gave little or limited weight to the above medical opinions, his RFC assessment was based upon the evidence of record as a whole. Therefore, the court finds that the ALJ's RFC assessment was not based upon his own lay opinion but on the evidence as a whole and no evidentiary void was caused by the weight afforded the medical evidence of record. On this basis, the plaintiff's appeal will be denied.

The plaintiff next argues that the ALJ's RFC assessment and hypothetical to the VE did not reflect his difficulties with concentration, persistence or pace. Although the ALJ determined that the plaintiff can perform routine, repetitive tasks not requiring precise attention to detail or independent decision-making, the plaintiff argues that such a limitation does not reflect his moderate restrictions in concentration, persistence or pace. In addition, the plaintiff argues that the ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity. The plaintiff argues that, because he has moderate limitations in concentration, persistence and pace, he cannot maintain a

consistent pace.

In Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), the court held that the ALJ's RFC assessment must satisfactorily incorporate all of the plaintiff's established limitations. Where the record "clearly establishe[s] . . . additional, specific deficiencies in concentration, persistence and/or pace" that c[an] not be accommodated by a restriction to jobs that require[] only simple tasks, the ALJ is required to provide a more detailed RFC. See Santiago-Rivera v. Barnhart, 2006 WL 2794189, at **11-12 (E.D.Pa. Sept. 26, 2006).

Here, the ALJ considered the plaintiff's moderate limitations in concentration, persistence and pace. Based upon those limitations, he incorporated a number of work-related limitations. Specifically, the plaintiff was limited to routine, repetitive, unskilled work that could be learned within 30 days and did not require precise attention to detail or independent decision-making. These restrictions adequately take into account the plaintiff's limitations. See e.g., Adorno v. Colvin, 2017 WL 354126, at *7 (W.D.Pa. Jan. 23, 2017) (ALJ's RFC assessment which limited her to jobs that can be learned in one month, involved only repetitive short-cycle tasks, and no more than occasional decision making or judgment, no production rate or pace work, and no more than occasional work changes adequately accounted for moderate difficulties in concentration, persistence and pace). The court will therefore deny the plaintiff's appeal on this basis.

Finally, the plaintiff argues that substantial evidence does not support

the ALJ's evaluation of the opinion of Dr. Tardibuono, a consulting psychologist. The plaintiff argues that, in a medical source statement, Dr. Tardibuono opined that the plaintiff would have marked limitations in his ability to respond appropriately to usual work situations and to changes in a routine work setting. The plaintiff argues that, although the ALJ indicated that he was affording Dr. Tardibuono's opinion "great weight" to the extent that his opinion was supported by the evidence of record, when applying SSR 85-15 and 96-9p, the ALJ should have found him disabled because there would be a substantial loss of ability to meet basic work related activities.

"[Social Security Rulings] are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" Sullivan v. Zebley, 493 U.S. 521, 531 n.9 (1990). They "do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same." Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984). SSRs are accorded deference, but are not binding upon the courts. Thornton v. Comm'r of Social Security, 597 Fed. Appx. 604, 610 (11th Cir. 2015). Moreover, simply because a SSR may justify a finding of disability does not mean that the Commissioner is required to find an individual disabled. Id. at 611.

Social Security Ruling 85-15 applies in cases solely dealing with nonexertional impairments. Here, the plaintiff was found to have exertional

11

and nonexertional impairments. Therefore, SSR 85-15 is not applicable in this case.

Social Security Ruling 96–9p provides that a "substantial loss to meet any of the basic work-related activities on a sustained basis . . . will substantially erode the unskilled sedentary occupational base and would justify a finding of disability." SSR 96-9p, 1996 WL 374185 *9 (July 2, 1996). A less than substantial loss, however, may or may not erode the occupational base and the ALJ is required to assess a claimant's remaining capacities and may consult a vocational expert. Id.

Here, the plaintiff argues that Dr. Tardibuono's opinion that he has marked limitations in his ability to respond appropriately to usual work situations and to changes in a routine work setting justifies a finding of disability under SSR 96-9p. However, as discussed above, simply because a ruling may justify a finding of disability does not mean that the Commissioner is required to find disability. See Thornton, supra. In this case, even affording Dr. Tardibuono's opinion great weight, the ALJ found that the plaintiff was capable of performing a limited range of sedentary work which, along with certain exertional limitations, involved routine, repetitive tasks not requiring precise attention to detail or independent decision making; no significant interaction with the public in a sense that he would not be required to perform a sales-type, persuasion job, or have significant interaction with coworkers, no teamworking or working in tandem and that coworkers would

be working independent of each other; and the plaintiff was limited to jobs that allowed for remote supervision where supervisors showed or told the plaintiff how to do the job and then left him to do it alone, only getting involved if there were problems or complaints. Given these limitations, the ALJ elicited testimony from the VE, who testified that, even with these limitations, the plaintiff was capable of performing jobs which existed in significant numbers. The court finds no conflict between SSR 96-9p and the ALJ's determination. Although a finding of disability may have been justified, it was not required. Based upon the evidence of record, including the testimony of the VE, the court finds that the ALJ's decision is supported by substantial evidence.

## VI. CONCLUSION

For the reasons stated above, the plaintiff's appeal from the decision of the Commissioner of Social Security, **(Doc. 1)**, will be **DENIED** and the decision of the Commissioner will be **AFFIRMED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  August 13, 2019**
17-71-01.wpd

13